# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN PIERRE VELTEN,

Defendant-Appellant.

UNPUBLISHED
January 27, 2015

No. 317868
Ingham Circuit Court
LC No. 12-001160-FH

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Following a jury trial, defendant was acquitted of third-degree child abuse, MCL 750.136b(5), but convicted of fourth-degree child abuse, MCL 750.136b(7). He was sentenced to seven days in jail and six months' probation. Defendant appeals as of right, and we affirm.

On the day of the actions underlying this prosecution, defendant's 11-year-old son was home from school because he had been suspended for attempting to run over school personnel with his bike. Defendant's son told a Child Protective Services (CPS) worker that he and defendant had argued on and off all day. At one point there was an incident involving a cereal bowl falling to the floor. The boy testified that defendant had deliberately knocked it to the floor. Defendant testified that the bowl had accidentally fallen when he tried to take it away from his son. Regardless, defendant's son then left the apartment for an hour or so at defendant's request. Defendant testified that after his son returned, defendant found him using a pair of steel-toed work boots to grind shards of glass from two broken drinking glasses into the carpet; defendant claimed that the boy had thrown and broken the glasses after the cereal incident. Defendant took his son's door key away and told him to go outside. Defendant testified that he then went to the store to buy food and returned to find a backdoor kicked in and his son missing. The boy returned home several hours later and, after an unsuccessful attempt to get into the house, went across the street to a friend's house.

There is conflicting testimony about what defendant told his son when he returned home again around 10:00 p.m. The boy testified that he knocked on the door, identified himself, and asked if he could come in, but defendant said, "No. You can sleep on the stairs, and if you have a problem with it, then go tell the police." Defendant testified that what he said was, "I want you to pick up that trash and if you don't like it, go tell your friends down there at the police department." Regardless of which account is accurate, the result was the same: defendant did

-1-

not allow his son to enter the apartment.[1] It was a December night and the temperature was 39 degrees. The boy eventually made contact with the police, and the police telephoned CPS and the child's grandmother, who took the boy home with her. Defendant was arrested the next day.

Defendant's sole argument on appeal is that the evidence presented at trial was insufficient to convict him. We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Under MCL 750.136b(7)(b), a person commits fourth-degree child abuse if "[t]he person knowingly or intentionally commits an act that under the circumstances poses an unreasonable risk of harm or injury to a child, regardless of whether physical harm results." The trial court properly instructed the jury that, to be found guilty of fourth-degree child abuse, the state had to prove each of the following elements beyond a reasonable doubt: (1) defendant is the parent of the child at issue; (2) defendant knowingly and intentionally committed an act that under the circumstances posed an unreasonable risk of harm or injury to the child, but actual injury was not necessary; and (3) at the time, the child was under 18 years of age. See M Crim JI 17.23. Elements one and three are not in dispute.

Defendant freely admits that he refused to allow his son into their apartment until the boy picked up the trash he had scattered earlier by kicking over a trashcan. He does not dispute that his refusal occurred around 10:00 p.m. on a December night when the temperature was in the 30s and the boy was lightly-clad in a zip-up hoodie, T-shirt, and jeans. Defendant argues that his manner of disciplining his son did not pose an unreasonable risk of harm or injury to the boy, but

---

[1] Defendant's son testified that defendant had earlier taken the boy's house key from him by force, throwing him down on the patio floor and slapping him. This alleged conduct formed the basis of the third-degree child abuse charge for which defendant was acquitted. Defendant claimed that he merely grabbed the key away from his son and never pushed him to the ground or slapped him.

was reasonable and called-for by his son's insubordinate, willful, and disrespectful behavior. In *People v Alderete*, 132 Mich App 351, 357; 347 NW2d 229 (1984), we explained:

> A parent who acts in good faith with an honest belief that the given discipline is done for the benefit of the child will not be subjected to judicial intervention. However, a showing that the punishment was cruel and unreasonably severe will negate any claim of good faith on behalf of the parent. [*C*itation omitted.]

The law "does not prohibit a parent . . . from taking steps to *reasonably* discipline a child[.]" MCL 750.136b(9) (emphasis added).

Sufficient evidence was adduced at trial to support defendant's conviction for fourth-degree child abuse. Once again, defendant admits refusing to let his 11-year old son into their apartment until the boy had picked up the trash scattered in the yard. Defendant's son testified that defendant told him that he could sleep on the outside stairs. Locking the lightly-clad 11-year old out of the apartment on a cold night and implying that he was prepared to leave him locked out all night if necessary clearly "posed an unreasonable risk of harm" to the child, at the very least by risking the child's health. Notwithstanding defendant's efforts to justify his actions as a fitting response to the boy's unruly behavior, or his attempts to minimize the risk by emphasizing the boy's familiarity with the neighborhood and with places he could go, a rational juror could conclude, given the totality of the circumstances, that the so-called discipline was not reasonable and that defendant knowingly committed an act that posed an unreasonable risk of harm or injury to his minor child. MCL 750.136b(7)(b).

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto